IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00170-DSC

| | |
|---|---|
| **DEMETRICE L. BRADSHAW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| | ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on December 1, 2021. She assigns error to the Administrative Law Judge's determination that she failed to meet Listing 1.02, Major Dysfunction

of a Joint in her left ankle.  See Plaintiff's "Memorandum …" at 3-17 (document #11); Plaintiff's "Reply …" at 1-5 (document #15).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  The District Court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[1] She argues the ALJ erroneously concluded that her impairments did not meet or medically equal the requirements of Listing 1.02. Even a "cursory explanation" at Step Three may prove "satisfactory so long as the decision as a whole demonstrates that the ALJ considered the relevant evidence of record and there is substantial evidence to support the conclusion." Odoms v. Colvin, 195 F. Supp. 3d 415, 421 (W.D.N.C. 2016) (citing Meador v. Colvin, No. 7:13-cv-214, 2015 WL 1477894, at *3 (W.D. Va. March 27, 2015) and Smith v. Astrue, 457 Fed. App'x 326, 328 (4th Cir. 2011)).

Listing 1.02 addresses dysfunction of a major joint. That Listing requires:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b.

Inability to ambulate effectively is defined as:

> (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

> Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a handheld assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
> (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single handrail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

Listing 1.00B2b.

The ALJ discussed the relevant evidence for the period under review (Tr. 13-17). In considering whether Plaintiff's left ankle fracture meets this Listing, the ALJ stated:

> Particular attention was given to medical listing 1.02 for major dysfunction of a joint based on the argument in the representative's brief (Exh. 14E). However, the specified criteria required of the listing was not demonstrated by the available medical evidence. Specifically, the listing requires gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction or ankylosis of the affected joint. The listing also requires involvement of one major peripheral weight-bearing joint resulting in inability to ambulate effectively as defined in 1.00B2b. In this case, the evidence does not demonstrate that the claimant has the degree of difficulty in ambulating as defined in 1.00B2b. There was no noticeable limp during the consultative examination and no reports of any assistive devices (Exh. 1F; 3F; 5F).
> The evidence did not establish that solid union was not evident, the claimant had an inability to ambulate effectively, and the return to effective ambulation did not occur or was not expected to occur within twelve months of onset, as required by listing 1.06 for fracture of a lower extremity.

Tr. 13, citing Tr. 226-227, 232-244, 315-320, 323-339. The ALJ's evaluation of Listing 1.02 is supported by substantial evidence.

The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ applied the correct legal standards. Her conclusions that Plaintiff was not disabled is supported by substantial evidence.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #10) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #13) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: July 22, 2022

**SO ORDERED.**

David S. Cayer
United States Magistrate Judge